FILED
01 FEB 28 PM 1: 20
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

MR. and MRS. HERBERT }
BARNARD, JR., }
                                          }
     Plaintiffs, }
                                          }
v. }   CASE NO. CV 00-B-3511-NW
                                          }
ORKIN EXTERMINATING }
COMPANY, INC.; WILLIAM PAGE, }
                                          }
     Defendants. }

ENTERED
FEB 28 2001

## MEMORANDUM OPINION

Currently before the court is the plaintiffs' Motion to Remand this action to state court. Plaintiffs filed their Complaint in the Circuit Court of Lauderdale County, Alabama. Defendants removed the case to this court on the ground that the court had subject matter jurisdiction based on diversity of citizenship between the parties.

Upon consideration of the record, the submissions of the parties, and the relevant law, the court is of the opinion that the Motion to Remand is due to be granted.

### DISCUSSION

Plaintiffs move to remand on the ground that this court lacks subject matter jurisdiction because complete diversity between the parties does not exist. Plaintiffs note that defendant William Page is a citizen of Alabama and plaintiffs are citizens of Alabama. Therefore, according to plaintiffs, diversity of citizenship does not exist. Defendants argue that Page was fraudulently joined to defeat diversity jurisdiction and, therefore, should not be considered for purposes of determining diversity.



Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity. Joinder has been deemed to be fraudulent in two situations: 1) when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant, and 2) when there is outright fraud in the plaintiff's pleading of jurisdictional facts. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court." *Id*. (quoting *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983). "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate." *Id*. The burden is on the defendants as the removing parties to prove that there is no possibility plaintiffs can establish any cause of action against defendant Page. The court is of the opinion that based on the allegations in the Complaint at the time of removal, there is a possibility that plaintiffs could establish a cause of action against Page, a non-diverse defendant.

Because the court finds that defendant Page was not fraudulently joined, complete diversity among the parties is lacking and this court lacks subject matter jurisdiction. Therefore, plaintiffs' Motion to Remand is due to be granted. An Order granting plaintiffs' Motion to Remand will be entered contemporaneously with this Opinion.

DONE this 28th of February, 2001.

SHARON LOVELACE BLACKBURN
United States District Judge